## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 0:09-cv-612 (JMR/AJB)

| | |
|---|---|
| Samuel Edeh,<br><br>    Plaintiff,<br><br>v.<br><br>AIS Services, LLC,<br><br>    Defendant. | **FIRST AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1.     This action for damages under the Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act is based on Defendant's false reporting on Plaintiff's credit reports.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1692k(d).

3.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), and the invasions of Plaintiffs' personal privacy by these Defendants in their efforts to collect a consumer debt.

4.     Venue is proper in this District because the acts and transactions occurred here in Minnesota, Plaintiffs reside here in Minnesota, and these Defendants transact business here in Minnesota.

## PARTIES

5.    Plaintiff Samuel Edeh is a natural person who resides in the City of Rochester, County of Olmsted, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant AIS Services, LLC (hereinafter "AIS") is a collection agency operating from an address of 8996 Miramar Road, Suite 220, San Diego, CA 92126, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.    At all times relevant to this Action, Plaintiff is informed and believes, and thereon alleges, that Defendants conducted business within the State of California and used instrumentalities of interstate commerce such as the United States Mail and telephonic communications in the business of collecting "consumer debts" in the State of Minnesota.

8.    Plaintiff's alleged "debt" was money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person, and was therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

9.    On or about February 15, 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a payday loan debt with CashNet USA, in the approximate amount of $514, which was used by Plaintiff for personal, family and household purchases.

10.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant AIS for collection from this Plaintiff.

*Plaintiff's Discovery of Defendant AIS's Collection Activity*

11.     In or around October 7 2008, Plaintiff inquired into his Experian consumer credit report through freecreditreport.com.

12.     From Plaintiff's Experian report, Plaintiff discovered that Defendant AIS had listed a collection account on his credit report.

13.     Plaintiff became confused and frustrated, as he never consented to an assignment of any debt to Defendant AIS.

14.     Plaintiff never received notice from CashNet USA that the debt had been assigned to any entity other than CashNet USA.

*Plaintiff's Request for Information from and Dispute with Defendant AIS*

15.     On or about November 14, 2008 Plaintiff faxed a letter to Defendant AIS requesting information concerning the alleged debt Defendant AIS listed on his credit report.

16.     In his faxed letter, Plaintiff disputed Defendant AIS's claim that he owed Defendant AIS for this debt.

17.     Plaintiff requested, among other things, the name and address of the original creditor, the nature of the debt, copies of any documents (contract, loan agreement, etc.) showing that he agreed to pay such obligation, proof of his responsibility on this debt including billing statements, as well as any and all payments made on this debt, and the debt purchasing agreement.

18.     Plaintiff received no response to Plaintiff's fax for validation and disputation.

19.     On or about December 26, 2008, Plaintiff again faxed a request and disputation letter to Defendant AIS.

20.     Plaintiff disputed, among other things, the existence of a contractual obligation to pay the debt, the right of Defendant AIS to collect the alleged debt, the right of Defendant AIS to acquire the debt by purchase, assignment or otherwise and the amount claimed to be owed.

21.     On or about December 1, 2008, Plaintiff, after reviewing his Experian credit report, noticed that Defendant AIS's report of this debt had ceased and was no longer listed.

22.     On or about January 23, 2009, Plaintiff received a computer generated "account verification statement" which was inadequate to prove transfer of the debt and Defendant AIS's ownership and assignment of the debt.

23.     This "account verification statement" did not include a copy of the original contract or any notice of assignment from CashNet USA to Defendant AIS.

***False Credit Reporting of the Debt by Defendant AIS***

24.     On or about February 4, 2009, Plaintiff again requested a copy of his credit report through Experian.

25.     Plaintiff's February Experian credit report again showed Defendant AIS was reporting this debt after falling off the report back in December.

26.     Defendant AIS, after receiving the notice of disputation, failed to list the debt of Plaintiff's credit report as disputed.

27.     On or about March 11, 2009, Plaintiff requested a copy of his credit report through Experian.

28.     Plaintiff's March credit report again showed Defendant AIS was reporting this debt.

29.     Defendant AIS, after receiving the notice of disputation, failed to list the debt of Plaintiff's credit report as disputed.

30. Defendant AIS's actions in failing to list the debt as disputed violated numerous provision of the Fair Debt Collection Practices Act, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(8), and 1692e(10) amongst others.

31. Defendant's actions in failing to list the debt as disputed constituted a false, deceptive, or otherwise misleading representation or means in connection with the collection of this alleged debt, it therefore is also a communication and a violation of Cal. Civ. Code § 1788.17.

### *Summary*

32. Defendant AIS's reporting of the debt to one or more consumer reporting agencies was an attempt to collect the debt.

33. In reporting the debt to one or more consumer reporting agencies, Defendant AIS failed to report the disputed debt as disputed.

34. All of the above-described collection communications made to Plaintiff by Defendant AIS were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(8), and 1692e(10) amongst others.

35. All of the above-described collection communications made to Plaintiff by Defendant AIS were made in violation of Cal. Civ. Code § 1788.17.

36. The above-detailed conduct by Defendant AIS of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the RFDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and RFDCPA resulted in damages to Plaintiff.

**TRIAL BY JURY**

37.  Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

38.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.  The foregoing acts and omissions of Defendant AIS and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

40.  As a result of Defendant AIS's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant AIS.

**COUNT II.**

**VIOLATION OF THE**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CALIFORNIA CIVIL CODE §§ 1788-1788.32 (RFDCPA)**

41.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA as to this Plaintiff, including but not limited to Cal. Civ. Code § 1788.17, amongst others.

43.    As a result of each and every Defendant's violations of the RFDCPA, Plaintiff is entitled to their actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c), from each and every Defendant.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant AIS:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant AIS and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant AIS and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant AIS and for Plaintiff.

## COUNT II.

## VIOLATION OF THE

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32 (RFDCPA)

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) against each and every Defendant, in a reasonable an amount to be determined at trial in excess of $75,000 for each and every individual Plaintiff named herein;

- for an award of statutory damages of $1,000.00 against each and every Defendant, pursuant to California Civil Code § 1788.30(b), and for each and every individual Plaintiff named herein;

- for an award of costs of litigation and reasonable attorney's fees against each and every Defendant, pursuant to California Civil Code § 1788.30(c), and for each and every individual Plaintiff named herein; and

- for such other and further relief as may be just and proper.

Dated: April 6, 2009                    Respectfully submitted,

                                        **WHEATON LAW GROUP, PLLC**

                                        By:  **s/Christopher S. Wheaton**
                                        Christopher S. Wheaton, Esq.
                                        Attorney I.D.#0389272
                                        2021 East Hennepin Avenue, Suite 195
                                        Minneapolis, Minnesota 55413-1773
                                        Telephone:  (612) 379-3191
                                        Facsimile: (612) 605-2102
                                        cswheaton@wheatonlawgroup.com

csw                                     **Attorney for Plaintiff**